IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 4:24cr4

DAVID L. MERRYMAN.

## DEFENDANT DAVID L. MERRYMAN'S BRIEF IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE UNDER U.S.S.G. § 5K2. 13. BASED UPON DIMINISHED CAPACITY

COMES NOW the defendant, DAVID L. MERRYMAN, by counsel, and as and for his Brief In Support Of Motion For Downard Departure Under U.S.S.G. § 5K2. 13. Based Upon Diminished Capacity, respectfully states as follows:

### INTRODUCTION

The defendant respectfully notifies the Government that he intends to present mental health extenuating and mitigating evidence at sentencing through Elizabeth Wheeler, Ph.D., an experienced, capable and credible forensic psychologist.

More specifically, as requested in defendant's accompanying Motion, and as further set forth below, the defendant respectfully moves this Honorable Court for a downward departure from the applicable Advisory Sentencing Guidelines range to be determined by the Court, on the recognized ground of "diminished capacity." *See generally* Sentencing Procedures Order, entered on July 31, 2024, at Paragraph 10.

### ARGUMENT

### §5K2.13 - Diminished Capacity

U.S.S.G. §5K2.13 states, in pertinent part, as follows:

> A downward departure may be warranted if (1) the
> defendant committed the offense while suffering from a

> significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

As further noted under the Commentary, Application Note 1.:

> "**Significantly reduced mental capacity**" means the defendant, although convicted, has a significantly impaired ability to (A)… exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.

The defendant intends to present evidence at sentencing that he did, in fact, commit "the offense while suffering from a significantly reduced mental capacity." As noted above, the defendant intends to present Elizabeth Wheeler, Ph.D., as a defense expert witness at sentencing.

More specifically, as a result of her evaluation and assessment of the defendant, Dr. Wheeler is expected to opine, to a reasonable degree of medical certainty, that the defendant suffers from a personality disorder, described as **severe narcissism**.

Dr. Wheeler is further expected to opine, again to a reasonable degree of medical certainty, that this mental health entity likely "contributed substantially to the commission of the offense," by making it more difficult for the defendant "to exercise the power of reason" to restrain his inappropriate words and acts, as well as to "control behavior that the defendant knows is wrongful" but in which he nevertheless engaged.

Otherwise stated, Dr. Wheeler is expected to opine that the defendant's severe narcissism personality disorder made it less likely for him to be able to exercise the requisite restraints and controls that would prevent and avoid the offense conduct at issue, including, most particularly, the discriminatory, *ad hominem* comments, statements, and declarations

made by the defendant to a number of his tenants and other individuals in the housing/rental industries.

The grounds for Dr. Wheeler's opinions include: (1) her education, training, and experience as a forensic psychologist (*see* <u>Exhibit 1</u> attached hereto – copy of Dr. Wheeler's C.V.); (2) her personal evaluation and assessment of the defendant in the Norfolk City Jail; (3) her review of testing materials and results generated by a different forensic psychologist who evaluated the defendant months ago in connection with potential guilt/innocence phase mental health defenses; (4) a review of certain basic case background materials (copies of which were provided to Dr. Wheeler by defense counsel); (5) a review of the Policy Statement and Commentary under U.S.S.G. § 5K2. 13.; and, (6) input from, and discussion with, the undesigned counsel as to his observations of the defendant based on extensive and frequent in-person and telephone contacts with the defendant over the past nearly ten and a half months (and also including discussions with Dr. Wheeler of the factual backdrop of the case).

In sum, Dr. Wheeler is expected to testify that her forensic psychological findings and conclusions fall within the ambit of the elements under U.S.S.G. § 5K2. 13. **Diminished Capacity.**

## CONCLUSION

For the foregoing reasons, the defendant respectfully moves the Court for a downward departure from the applicable Advisory Sentencing Guidelines range to be determined by the Court at sentencing.

DAVID L. MERRYMAN
By: _____/s/_____
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant David L. Merryman
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

| Brian James Samuels, Esquire | and | David M. Coleman, Esquire |
| Assistant United States Attorney | | Assistant United States Attorney |
| United States Attorney's Office | | United States Attorney's Office |
| Fountain Plaza Three | | Fountain Plaza Three |
| 721 Lakefront Commons, Suite 300 | | 721 Lakefront Commons, Suite 300 |
| Newport News, Virginia 23606 | | Newport News, Virginia 23606 |
| Telephone: 757-591-4032 | | Telephone: 757-591-4028 |
| Facsimile: 757-591-0866 | | Facsimile: 757-591-0866 |
| E-mail: brian.samuels@usdoj.gov | | E-mail: mack.coleman@usdoj.gov |

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant David L. Merryman
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\MERRYMAN David\BriefMotDownwardDeparture12 4 2024.doc