IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:24cr4 |
| | ) | |
| DAVID L. MERRYMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO CONTINUE**

The United States of America, by and through undersigned counsel, hereby responds in opposition to defendant David L. Merryman's Motion to Continue the restitution evidentiary hearing set for March 28, 2025. (ECF Nos. 78, 79) (hereinafter "the motion"). For the reasons to follow, the United States respectfully requests that the Court deny the motion.

### BACKGROUND

The fuller background of this matter is well known to the Court and counsel. Relevant portions are also summarized in the defendant's motion. In brief, following his conviction on a series of charges related to threats, fraud and racial interference, the defendant was sentenced to a term of incarceration of seventeen years in December 2024. The sentence included the imposition of restitution, which the defendant paid prior to the sentencing date. However, additional victims presented claims to the United States in the weeks prior to the sentencing hearing. Although the United States provided this information to the defendant and his counsel, the United States believed both it and the defendant needed additional time to assess these claims. The Court granted an additional period of time for this effort.

The parties endeavored, but were unable to reach agreement on an additional restitution sum owed to victims who presented claims. In the course of this effort, the United States met with victims and discussed the type of claims that were and were not compensable under victim and restitution-related statutes. *See e.g.,* 18 U.S.C. §§ 3663, 3663A, 3771. The victims at issue all maintain they are owed sums in restitution based on harm suffered due to the defendant's criminal conduct. Accordingly, the Court set this matter for an evidentiary hearing so that the United States could present this evidence in the form of victim testimony and exhibits and the defendant could further inquire as to this information.

Although the hearing was originally scheduled for the end of April 2025, the United States realized that the presentation of some six to seven victim-witnesses would take more time than originally allotted for the hearing. After advising the Court and counsel of this development, on Friday, March 21, 2025, the Court rescheduled the evidentiary hearing to begin one week later on March 28, 2025. The defendant waited for five days, on March 26, 2025, to file the motion. request this hearing for claimed reasons that would have been apparent sooner.

## DISCUSSION

The United States recognizes that whether to grant a motion to continue is within the broad discretion of the Court, and will only be found to be an abuse of discretion if the Court exhibits "an unreasoning and arbitrary insistence upon expeditiousness in the fact of a justifiable request for a delay." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *see also United States v. Cronic*, 466 U.S. 648, 662-66 (1984); *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995).

The United States opposes this request made just two days before the scheduled hearing. The victim-witnesses at issue have presented claims that, as recognized victims of the defendant's crimes, the United States is obligated to pursue by the provisions of the Mandatory Victim

2

Restitution Act and the Crime Victims Rights Act. *See* 18 U.S.C. §§ 3663, 3663A, 3771. The United States has talked with and/or subpoenaed some seven witnesses that are prepared to appear and testify on March 28th. A number of these witnesses will be testifying to the substance of victim impact statements that the defendant has had prior to the sentencing in December 2024. Thus, the defendant has had some three months to review and prepare for this hearing. Moreover, the defendant agreed to pay restitution to victims of his offenses and those offenses that gave rise to his offenses in his plea agreement.

The defendant was not removed from the Tidewater area until mid-January 2025; thus, he was available for at least one month for defense counsel to discuss restitution issues. The United States understands the defendant was to be returned on Tuesday, March 25, 2025, which leaves time for defendant's counsel to meet with the defendant in preparation. The defendant was certainly aware that this matter would need to be resolved in a more expedited fashion because the Court initially provided sixty (60) days for this and the statute provides for an extension of ninety (90) days to resolve restitution issues.

The defendant had dozens and dozens of tenants and engaged in a wide-ranging scheme that lasted years. The indictment against him focused on certain criminal episodes, but the victims of the defendants conduct were legion – it should not come as a surprise that some would come forward after becoming aware of his conviction. The United States promptly turned any of this information it received over to the defendant.

The issues to be presented are not overly complicated. There should be little dispute that these individuals are victims of the defendant's admitted conduct and the conduct that gave rise to his plea. The United States will only seek restitution for compensable damages and the victims will describe their losses, which the defendant is certainly able to question and/or critique. The

Court can then determine what is appropriate and if additional briefing is necessary, at least the witnesses will have testified with the defendant present.

The United States is cognizant of the schedule for defense counsel, but is concerned that a lengthy delay will further inconvenience both the victim-witnesses, who have already been subpoaened to appear, as well as the defendant who has been recently returned to a local jail facility.

## CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny the defendant's motion. (ECF Nos. 78, 79).

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:   */s/*
Brian J. Samuels
Assistant United States Attorney
Virginia State Bar No. 65898
D. Mack Coleman
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Tel. (757) 591-4000 | Fax (757) 591-0866
brian.samuels@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all parties of record.

/s/
Brian J. Samuels
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Tel. (757) 591-4000 | Fax (757) 591-0866
brian.samuels@usdoj.gov